IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JABARR PINKSTON, | :: | PRISONER CIVIL RIGHTS |
|    Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| CHRISTOPHER SPERRY; et al., | :: | CIVIL ACTION NO. |
|    Defendants. | :: | 1:16-CV-2704-WSD-RGV |

**FINAL REPORT AND RECOMMENDATION**

In July of 2016, plaintiff Jabarr Pinkston, who was then confined in the Newton County Jail in Covington, Georgia, submitted to the Court a thirty-one-page pleading styled "Affidavit of Notices," [Doc. 1], which was docketed as this pro se civil rights action. Additionally, plaintiff's request to proceed in forma pauperis did not include (1) an authorization allowing his custodian to withdraw funds from his inmate account, (2) a completed certificate signed by an authorized institutional officer regarding the current balance in his inmate account, or (3) a copy of his inmate trust account balance for the six-month period preceding the filing of the instant action. [Doc. 2]. Accordingly, on August 1, 2016, the Court ordered plaintiff to file an amended complaint and to either pay the fees or submit a properly completed financial affidavit within thirty days. [Doc. 3]. The Court advised plaintiff that failure to timely comply with the order could result in the dismissal of this action. [Id. at 4].

On August 10, 2016, plaintiff submitted a motion to expedite injunction, which listed a new address for plaintiff. [Doc. 4]. On September 8, 2016, after the copy of the Order that was mailed to plaintiff was returned to the Court as undeliverable, the Clerk of Court mailed another copy of the Order with the necessary forms to plaintiff at the address listed on his motion to expedite injunction. See [Clerks Certificate of Mailing dated 09/08/2016]. When an additional thirty days had passed and plaintiff had not complied with the August 1, 2016, order, the Court entered a second order on October 21, 2016, directing plaintiff to show cause within twenty-one days why this action should not be dismissed for failure to prosecute and reminding him that failure to respond could result in the dismissal of this action. [Doc. 6]. More than twenty-one days have passed since entry of the order, and plaintiff has not complied.

"Pursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1]). "In addition to its power under Rule 41(b), a court also has the inherent

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

The Court's Local Rules also provide that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3A(2), NDGa.  Because plaintiff has failed to comply with the Court's orders to file an amended complaint and to either pay the fees or submit a properly completed financial affidavit and to show cause why this action should not be dismissed for failure to prosecute, this case should be dismissed.  See Milton v. Everhome Mortg. Co., No. 1:11-CV-2340-TWT-JFK, 2011 WL 4975512, at *1-2 (N.D. Ga. Sept. 15, 2011) (recommending dismissal of pro se complaint without prejudice where plaintiff failed to comply with court order to complete and return service forms after being advised that failure to comply could result in dismissal and after failing to respond to show cause order), adopted by, 2011 WL 4975442 (N.D.Ga. Oct 18, 2011); Wyche v. Frazier, No. 1:07-CV-1962-TWT, 2008 WL 544925, at *1 (N.D. Ga. Feb. 26, 2008), adopted at *1 (dismissing pro se habeas petition without prejudice where

3

petitioner failed to comply with court order to pay the $5.00 filing fee, despite forewarning that failure to do so could result in dismissal). For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to obey the Court's orders of August 1, 2016, and October 21, 2016 and that plaintiff's motion to expedite injunction, [Doc. 4], be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of NOVEMBER, 2016.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE